UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **SYDNEY LIM** on behalf of themselves and all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**AMITY ONE DEBT RELIEF**,<br><br>*Defendant*. | Civil Case No.: |

## CLASS ACTION COMPLAINT

## INTRODUCTION

1. As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls— 3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2. However, the TCPA doesn't only restrict robocalls.

3. Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion

1

and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans "outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers" *id.* § 2(6), and sought to strike a balance between "[i]ndividuals' privacy rights, public safety interests, and commercial freedoms." *id.* § 2(9).

4. "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id*…This private cause of action is a straightforward provision designed to achieve a

2

straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

5. The Plaintiff alleges that Amity One Debt Relief ("Defendant" or "Amity One") made unsolicited telemarketing calls to their telephone numbers that are listed on the National Do Not Call Registry with respect to the Plaintiff and putative class members.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute.

7. This Court has jurisdiction over Amity One because Amity One made the telemarketing calls at issue into this District.

8. Venue is proper in this District because the calls were directed into this District.

## PARTIES

9. Plaintiff Sydney Lim ("Ms. Lim") is, and at all times mentioned herein was, a citizen and resident of this District.

3

10. Ms. Lim is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

11. Amity One is, and at all times mentioned herein was, a California corporation in Irvine, CA.

12. Amity One is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

## TCPA BACKGROUND

13. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy[,]" and found that federal legislation was needed because "telemarketers [could] evade [state-law] prohibitions through interstate operations.'" *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012) (citations omitted).

14. § 227(c) of the TCPA requires the FCC to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

15. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

16. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

17. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are made. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

18. The TCPA regulates, among other things, the use of a pre-recorded message to make calls or send pre-recorded calls. *See* 47 U.S.C. § 227, *et seq*.; *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Report and Order*, 18 FCC Rcd. 14014, 14115 ¶ 165 (2003).

19. Specifically, the TCPA prohibits the use of a pre-recorded message to a wireless number in the absence of an emergency or the prior express written consent of the called party. *See* 47 U.S.C. § 227(b)(1)(A)(iii); 47 C.F.R. § 64.1200(a)(2); *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1831 (F.C.C. 2012).

20. "[T]elemarketing means the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." 47 C.F.R. § 64.1200(f)(12).

21. "[P]rior express written consent means an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered." 47 C.F.R. § 64.1200(f)(8).

22. A person or entity can be liable for calls made on its behalf in violation of the TCPA, even if that person or entity did not directly dial such calls. *See, e.g., In re Rules & Regs. Implementing the TCPA*, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995) (explaining that the FCC's "rules generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any [TCPA] violations"). In fact, in May 2013, the FCC issued a binding declaratory ruling clarifying that sellers "may be held vicariously liable under federal common law principles of agency for TCPA violations committed by third-party telemarketers . . . under a broad range of agency principles, including not only formal agency, but also principles of apparent authority and ratification." *In re Joint Petition Filed by DISH Network, LLC et al. for Declarator Ruling Concerning the TCPA Rules*, 28 FCC Rcd. 6574, 6584 ¶28 (2013).

23. Accordingly, an entity can be liable under the TCPA for a prohibited

call made on its behalf under a number of theories including vicarious liability. Under those circumstances, the seller is properly deemed to have initiated the call through the person or entity that actually placed the call.

## FACTUAL ALLEGATIONS

24. Plaintiff's residential telephone number is (732) 668-XXXX.

25. That number has been on the National Do Not Call Registry since May 3, 2017 and it has not been removed from the Registry since that time.

26. Ms. Lim uses the number for personal, residential, and household reasons.

27. The number is not associated with any business.

28. The Plaintiff never consented to receive telemarketing calls from the Defendant.

29. The Plaintiff never did any business with the Defendant.

30. Despite that, the Defendant made pre-recorded telemarketing calls to the Plaintiff on the following dates:

- January 4, 2024;
- January 5, 2024;
- January 25, 2024;
- January 26, 2024
- January 29, 2024;
- February 8, 2024;
- February 9, 2024;

- February 10, 2024;
- February 12, 2024;
- February 13, 2024; and
- February 14, 2024.

31. Upon information and belief, between January 4, 2024 and February 14, 2024, Plaintiff received at least 24 calls from Defendant and/or its agents.

32. The calls started with a pre-recorded message stating:

Your pending approval for our economic impact relief loan is set to expire. To speak with a member of our underwriting team, please press 2. To be placed on our do not call list and to stop further calls, please press 9. If you would like to opt out of all further calls, you can call us at 833-587-8974.

33. Plaintiff also received pre-recorded voicemail messages stating:

Hello, this is Sam with Premier Lending, phone number 833-587-8974, Agent ID 78473 reaching out today, I see here that your file–actually give me one second–I see here that we do have a pending approval for an economic impact relief loan. This loan is a debt consolidation loan designed to help people reduce high interest debt, brought about by the pandemic or other unforeseen expenses in life. I just need to gather some information from you, so if you can get myself or a member of our team a call back, we can actually get you finally approved for this. I'm just gonna put a note that I left this message, or if you call and get a different member of my team. Once again the phone number is 833-587-8974 again at 833-587-8974. Talk soon.

34. The calls were clearly pre-recorded because (a) the voice sounded like a robot; (b) there was a delay prior to the message being played; (c) one of the messages requested that the Plaintiff press a button in response; and (d) all of the voicemails Plaintiff received contained exactly the same pre-recorded messages

from the same pre-recorded voice.

35. On or about February 10, 2024, Plaintiff pressed "9" in response to the pre-recorded message to opt out of further calls.

36. On or about February 10, 2024, Plaintiff called the phone number provided by Defendant in its pre-recorded messages, at 833-587-8974, and spoke with a live agent in which Plaintiff requested to be removed from Defendant's call list. The agent verbally confirmed that Plaintiff would be removed. Notwithstanding, Plaintiff continued to receive multiple calls from Defendant and/or its agents.

37. On or about February 12, 2024, the Plaintiff received another call from Defendant and pressed "2" in response to Defendant's call and pre-recorded message.

38. The Plaintiff then spoke with Maribel Calderon who advertised the Defendant's debt resolution services.

39. The Plaintiff would pay a fee and the Defendant would then attempt to negotiate down the Plaintiff's debt.

40. Maribel Calderon provided the following e-mail address: maribel.calderon@amityonedebt.com.

41. Maribel Calderon then sent the following e-mail to the Plaintiff:

9

From: **Maribel Calderon** <maribel.calderon@amityonedebt.com>

Date: Mon, Feb 12, 2024 at 5:40 PM

Subject: Contact Information

To: <sydneylim55@gmail.com>

Hello Sydney,

It was great speaking with you today.

Below is my contact information.

--

**Maribel Calderon**
**Account Manager, Amity One Debt**

…. amityonedebt.com

maribel.calderon@amityonedebt.com

2525 Main Street Suite 300, Irvine, CA 92614

  

  

## Class Action Allegations

42. As authorized by Rule 23(b)(2) or (b)(3) of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of classes of all other persons or entities similarly situated throughout the United States.

43. The class of persons Plaintiff propose to represent is tentatively defined as:

> **TCPA Do Not Call Registry Class:** All persons in the United States who from four years prior to the filing of this action through trial (1) Defendant, or an agent calling on behalf of Defendant, called more than one time, (2) within any 12-month period, (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days, (4) for substantially the same reason Defendant called Plaintiff
>
> **TCPA Pre-recorded Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant, or an agent calling on behalf of the Defendant, called on their cellular telephone number (2) using the same or a substantially similar artificial or pre-recorded voice message used to call Plaintiff

This is referred to as the "Class".

44. Excluded from the Class are counsel, the Defendant, and any entities in which the Defendant have a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

45. The Class as defined above are identifiable through phone records and phone number databases.

46. The potential members of the Class number at least in the thousands.

47. Individual joinder of these persons is impracticable.

48. Plaintiff is a member of the Class.

49. There are questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

   (a) whether Defendant systematically made multiple telephone calls to members of the National Do Not Call Registry Class;

   (b) whether Defendant systematically made pre-recorded calls to class members;

   (c) whether Defendant made calls to Plaintiff and members of the Class without first obtaining prior express written consent to make the calls;

   (d) whether Defendant' conduct constitutes a violation of the TCPA; and

   (e) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

50. Plaintiff's claims are typical of the claims of members of the Class.

51. Plaintiff is an adequate representative of the Class because their interests do not conflict with the interests of the Class, they will fairly and adequately protect the interests of the Class, and they are represented by counsel skilled and experienced in class actions, including TCPA class actions.

52. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

53. The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

### FIRST CAUSE OF ACTION
### Telephone Consumer Protection Act
### (Violations of 47 U.S.C. § 227)
### (On Behalf of Plaintiff and the National Do Not Call Registry Class)

54. Plaintiff repeats the prior allegations of this Complaint and incorporates them by reference herein.

55. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to the Plaintiff and the Class despite their numbers being on the National Do Not Call Registry.

56. The Defendant's violations were negligent, willful, or knowing.

57. As a result of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant' behalf violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of between $500 and $1,500 in damages for each and every call made.

58. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant' behalf from making telemarketing calls to numbers on the National Do Not Call Registry, except for emergency purposes, in the future.

**SECOND CLAIM FOR RELIEF**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the TCPA Pre-recorded Class)**

59. Plaintiff repeats the prior allegations of this Complaint and incorporates them by reference herein.

60. Defendant and/or its agents transmitted unwanted telephone calls to Plaintiff and the other members of the TCPA Pre-recorded No Consent Class using a pre-recorded voice message.

61. These pre-recorded voice calls were made *en masse* without the prior express written consent of the Plaintiff and the other members of the TCPA Pre-recorded Class

62. The Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's conduct, Plaintiff and the other members of the TCPA Pre-recorded No Consent Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A. Certification of the proposed Class;

B. Appointment of Plaintiff as representatives of the Class;

C. Appointment of the undersigned counsel as counsel for the Class;

D. A declaration that Defendant and/or their affiliates, agents, and/or other related entities' actions complained of herein violate the TCPA;

E. An award to Plaintiff and the Class of damages, as allowed by law; and

F. Orders granting such other and further relief as the Court deems necessary, just, and proper.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

**Dated:** April 1, 2024        By Plaintiff and her attorneys,

*/s/ Nicholas A. Moschella, Jr.*

Nicholas A. Moschella, Jr., Esq.
Law Office of Nicholas A. Moschella, Jr., LLC.
278 Brick Boulevard
Brick, NJ 08723
nam@moschellalaw.com
Office: (732) 451-2283
Fax: (732) 475-6082

Avi R. Kaufman*
KAUFMAN P.A.
237 South Dixie Highway, Floor 4
Coral Gables, FL 33133
Telephone: (305) 469-5881
kaufman@kaufmanpa.com

*Attorneys for Plaintiff and the Classes*

*\*Pro Hac Vice Admission to be Sought*