IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

SYDNEY LIM on behalf of themselves
And all others similarly situated )
)
Plaintiff )   Civil Action No.:  2:24-CV-04778-MEF-AME
)
v. )
)
AMITY ONE RELIEF )
)
Defendant )
)

**DEFENDANT AMITY ONE'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S CLASS ACTION COMPLAINT**

Defendant Amity One Relief, by and through its undersigned counsel, respectfully submits this, its Answer and Affirmative Defenses to Plaintiffs Class Action Complaint and denies each and every allegation in the complaint unless expressly admitted or otherwise qualified as follows:

1. Denied. The allegations contained in this paragraph are conclusions of law to which no responsive pleading is required. To the extent that any response is required the allegations are each and all specifically denied. Strict proof thereof is demanded at time of trial.

2. Denied. The allegations contained in this paragraph are conclusions of law to which no responsive pleading is required. To the extent that any response is required the allegations are each and all specifically denied. Strict proof thereof is demanded at time of trial.

3. Denied. The allegations contained in this paragraph are conclusions of law to which no responsive pleading is required. To the extent that any response is required the allegations are each and all specifically denied. Strict proof thereof is demanded at time of trial.

4. Denied. The allegations contained in this paragraph are conclusions of law to which no responsive pleading is required. To the extent that any response is required the allegations are each and all specifically denied. Strict proof thereof is demanded at time of trial.

5. Denied. It is denied that Defendant made unsolicited calls to Plaintiff. On the contrary, Plaintiff gave consent to any and all communications set forth in this complaint.

6. Denied. The allegations contained in this paragraphs are conclusions of law to which no responsive pleading is required. To the extent that any response is required the allegations are each and all specifically denied. Strict proof thereof is demanded at time of trial.

7. Denied. The allegations contained in this paragraphs are conclusions of law to which no responsive pleading is required. To the extent that any response is required the allegations are each and all specifically denied. Strict proof thereof is demanded at time of trial.

8. Denied. The allegations contained in this paragraphs are conclusions of law to which no responsive pleading is required. To the extent that any response is required the allegations are each and all specifically denied. Strict proof thereof is demanded at time of trial.

9. Denied. After reasonable investigation, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in these paragraphs and therefore denies the same and demands strict proof thereof at trial.

10. Denied. After reasonable investigation, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in these paragraphs and therefore denies the same and demands strict proof thereof at trial.

11. Admitted

12. Denied. The allegations contained in this paragraph are conclusions of law to which no responsive pleading is required. To the extent that any response is required the allegations are each and all specifically denied. Strict proof thereof is demanded at time of trial.

13. Denied. The allegations contained in this paragraph are conclusions of law to which no responsive pleading is required. To the extent that any response is required the allegations are each and all specifically denied. Strict proof thereof is demanded at time of trial.

14. Denied. The allegations contained in this paragraph are conclusions of law to which no responsive pleading is required. To the extent that any response is required the allegations are each and all specifically denied. Strict proof thereof is demanded at time of trial.

15. Denied. The allegations contained in this paragraph are conclusions of law to which no responsive pleading is required. To the extent that any response is required the allegations are each and all specifically denied. Strict proof thereof is demanded at time of trial.

16. Denied. The allegations contained in this paragraph are conclusions of law to which no responsive pleading is required. To the extent that any response is required the allegations are each and all specifically denied. Strict proof thereof is demanded at time of trial.

17. Denied. The allegations contained in this paragraph are conclusions of law to which no responsive pleading is required. To the extent that any response is required the allegations are each and all specifically denied. Strict proof thereof is demanded at time of trial.

18. Denied. The allegations contained in this paragraph are conclusions of law to which no responsive pleading is required. To the extent that any response is required the allegations are each and all specifically denied. Strict proof thereof is demanded at time of trial.

19. Denied. The allegations contained in this paragraph are conclusions of law to which no responsive pleading is required. To the extent that any response is required the allegations are each and all specifically denied. Strict proof thereof is demanded at time of trial.

20. Denied. The allegations contained in this paragraph are conclusions of law to which no responsive pleading is required. To the extent that any response is required the allegations are each and all specifically denied. Strict proof thereof is demanded at time of trial.

21. Denied. The allegations contained in this paragraph are conclusions of law to which no responsive pleading is required. To the extent that any response is required the allegations are each and all specifically denied. Strict proof thereof is demanded at time of trial.

22. Denied. The allegations contained in this paragraph are conclusions of law to which no responsive pleading is required. To the extent that any response is required the allegations are each and all specifically denied. Strict proof thereof is demanded at time of trial.

23. Denied. The allegations contained in this paragraph are conclusions of law to which no responsive pleading is required. To the extent that any response is required the allegations are each and all specifically denied. Strict proof thereof is demanded at time of trial.

24. Denied. After reasonable investigation, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in these paragraphs and therefore denies the same and demands strict proof thereof at trial.

25. Denied. After reasonable investigation, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in these paragraphs and therefore denies the same and demands strict proof thereof at trial.
26. Denied. After reasonable investigation, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in these paragraphs and therefore denies the same and demands strict proof thereof at trial.

27. Denied. After reasonable investigation, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in these paragraphs and therefore denies the same and demands strict proof thereof at trial.

28.Denied. Plaintiff gave consent for any and all calls via internet on or about January 3, 2024 at 18:25.00 through remote IP address 174.XXX.X.XXX on a IOS operating system, Apple Safari Browser.

29. Denied. Plaintiff contacted Defendant and gave consent for any and all calls via internet on or about January 3, 2024 at 18:25.00 through remote IP address 174.XXX.X.XXX on a IOS operating system, Apple Safari Browser.

30. Denied. Reasonable investigation is continuing. Defendant currently lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and therefore denies the same and demands strict proof thereof at trial.

31. Denied. Reasonable investigation is continuing. Defendant currently lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and therefore denies the same and demands strict proof thereof at trial.

32. Denied. Reasonable investigation is continuing. Defendant currently lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and therefore denies the same and demands strict proof thereof at trial.

33. Denied. Reasonable investigation is continuing. Defendant currently lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and therefore denies the same and demands strict proof thereof at trial.

34. Denied. Reasonable investigation is continuing. Defendant currently lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and therefore denies the same and demands strict proof thereof at trial.

35. Denied. Reasonable investigation is continuing. Defendant currently lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and therefore denies the same and demands strict proof thereof at trial.

36. Denied. Reasonable investigation is continuing. Defendant currently lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and therefore denies the same and demands strict proof thereof at trial.

37. Denied. Reasonable investigation is continuing. Defendant currently lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and therefore denies the same and demands strict proof thereof at trial.

38. Denied. Reasonable investigation is continuing. Defendant currently lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and therefore denies the same and demands strict proof thereof at trial.

39. Denied. Reasonable investigation is continuing. Defendant currently lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and therefore denies the same and demands strict proof thereof at trial.

40. Denied. Reasonable investigation is continuing. Defendant currently lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and therefore denies the same and demands strict proof thereof at trial.

41. Denied. Reasonable investigation is continuing. Defendant currently lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and therefore denies the same and demands strict proof thereof at trial.

42. Denied. The allegations contained in this paragraph are conclusions of law to which no responsive pleading is required. To the extent that any response is required the allegations are each and all specifically denied. Strict proof thereof is demanded at time of trial.

43. Denied. The allegations contained in this paragraph are conclusions of law to which no responsive pleading is required. To the extent that any response is required the allegations are each and all specifically denied. Strict proof thereof is demanded at time of trial.

44. Denied. The allegations contained in this paragraph are conclusions of law to which no responsive pleading is required. To the extent that any response is required the allegations are each and all specifically denied. Strict proof thereof is demanded at time of trial.

45. Denied

46. Denied

47. Denied

48. Denied

49. Denied

50. Denied

51. Denied

52. Denied

53. Denied

54. Defendant incorporates by reference the responses to the previous paragraphs as though fully set forth herein.

55. Denied. Any and all communication to Plaintiff was consented to by Plaintiff. There is no violation of the TCPA.

56. Denied. Any and all communication to Plaintiff was consented to by Plaintiff. There is no violation of the TCPA.

57. Denied. The allegations contained in this paragraph are conclusions of law to which no responsive pleading is required. To the extent that any response is required the allegations are each and all specifically denied. Strict proof thereof is demanded at time of trial.

58. Denied. The allegations contained in this paragraph are conclusions of law to which no responsive pleading is required. To the extent that any response is required the allegations are each and all specifically denied. Strict proof thereof is demanded at time of trial.

59. Defendant incorporates by reference the responses to the previous paragraphs as though fully set forth herein.

60. Denied. Any and all communication to Plaintiff was consented to by Plaintiff. There is no violation of the TCPA.

61. Any and all communication to Plaintiff was consented to by Plaintiff. There is no violation of the TCPA.

62. Any and all communication to Plaintiff was consented to by Plaintiff. There is no violation of the TCPA. Defendant affirmatively denies that plaintiffs and the proposed class are entitled to any relief whatsoever.

AFFIRMATIVE DEFENSES

1. Plaintiff's complaint fails to state a cause of action upon which relief can be granted.
2. Plaintiff lacks standing to pursue this action.
3. Each Plaintiff's causes of action is barred because plaintiff gave their express written consent, invitation and/or permission to receive communications alleged.
4. Plaintiff cannot satisfy the requirements for maintaining a class action under Federal Rule of Civil Procedure 23.
5. Plaintiff is not entitled to represent a class because her claims failed to meet the requirements for class certification to the extent that:
   a. Plaintiff and or members of the proposed classes lack standing;
   b. Plaintiff cannot demonstrate that the proposed class is so numerous that joiner of all members would be impracticable;

    c. Plaintiff cannot demonstrate that there are questions of law or fact common to the members of the proposed class;

    d. Plaintiff cannot demonstrate that she will fairly and adequately protect the interests of the members of the proposed class;

    e. Plaintiff cannot demonstrate that prosecuting separate actions by individual class members would create a risk of inconsistent or varying adjudications.

    f. Plaintiff cannot demonstrate that her claim is typical of those of other members of the proposed class;

    g. Plaintiff cannot demonstrate that questions of law or fact predominate over any questions affecting only individual members of the proposed class; and

    h. Plaintiff cannot demonstrate that a class action is superior to other available methods for fairly and efficiently adjudicating the controversies.

6. Any alleged calls to plaintiff are not "unwanted".

7. Defendant has acted in good faith and has not willfully or knowingly violated any provision, subsection or regulation under the TCPA.

8. Plaintiff's claims are barred to the extent that she consented to receive the alleged communications.

9. Defendant reserves the right to raise any other defenses allowed by law as evidence is discovered in this case.

WHEREFORE, Defendant respectfully requests that this Honorable Court:

1. Deny Certification of the proposed class:

2. Dismiss Plaintiffs Complaint with prejudice,

3. Enter judgment against Plaintiffs and in favor of Defendant;

4. Award costs and reasonable attorneys' fees against the Plaintiff;

5. Grant Defendant such other further relief as the Court deems just and proper.


Dated: May 22, 2024                        Respectfully submitted,

                                          /s/Nicholas M. Fausto
                                          Nicholas M. Fausto, Esquire
                                          NJ Bar No: 014171982
                                          1600 Locust Street
                                          Philadelphia, PA 10103
                                          Nfausto@comcast.net
                                          Telephone 856-552-0411
                                          Facsimile 888-798-5808

                                          Attorney for Defendant Amity One